UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KEN FLANNERY, )<br>)<br>          Petitioner, )<br>)<br>v. )<br>)<br>AL C. PARKE, Superintendent, )<br>)<br>          Respondent. ) | No.  1:06-cv-1756-SEB-JMS |

**Entry Discussing Petition for Writ of Habeas Corpus**

In a prison disciplinary proceeding identified as No. ISF 06-04-0272, Ken Flannery was found guilty of violating a prison rule of "failure to provide a sample." The evidence supporting this determination was that on April 20, 2006, Flannery failed to provide a urine sample which could be subjected to a drug screening, despite having been directed and given time to do so. Contending that the proceeding is tainted by constitutional error, Flannery seeks a writ of habeas corpus. Because the court finds, however, that there was no error of that nature, Flannery's habeas petition must be **denied.** This conclusion rests on the following facts and circumstances:[1]

    1.    Flannery is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit-earning class, IND. CODE §§ 35-50-6-4, 35-50-6-5 (2000), and the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)). In these circumstances, Flannery was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

---

[1]Flannery has not replied to the respondent's return to order to show cause. The effect of this, pursuant to 28 U.S.C. § 2248, is that "[t]he allegations of . . . an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true."

       2.      Under *Wolff* and *Hill,* Flannery received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Flannery was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of his findings, and (3) the conduct board issued a written reason for its decision and for the sanctions imposed.

       3.      Flannery's arguments that he was denied the protections afforded by *Wolff* and *Hill* are either waived by procedural default (in not having been included at all levels of his administrative appeals), are refuted by the expanded record, or are based on assertions which do not entitle him to relief. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

       **IT IS SO ORDERED.**

Date: 05/03/2007

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana